# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| SHAKEENA RICE, individually and on behalf of all others similarly situated; TENETIA TURNER, an individual; ASHLEY JORDAN, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>MR. T'S, INC., a Florida corporation, formerly dba LOOKERS LOUNGE, aka CHEETAH; TERRY L. THOMAS, an individual; CLIFFORD G. MCGHEE, an individual; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. 3:20-cv-05695-TKW-EMT<br><br>**COLLECTIVE ACTION** |

## PLAINTIFFS' MOTION FOR APPROVAL OF ACCEPTED FED. R. CIV. P. 68 OFFERS OF JUDGMENT

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiffs Shakeena Rice, Tenetia Turner, and Ashley Jordan (collectively, "Plaintiffs"), by and through her counsel of record, will and hereby move this Court for an order directing the Clerk to enter judgment pursuant to the accepted Fed. R. Civ. P. 68 Offers of Judgment [Dkts. 25-28].

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits thereto, the pleadings, and all

other papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Plaintiffs' counsel certifies that prior to the filing of the instant motion, all parties, through counsel, met and conferred pertaining to the subject matter of the instant motion on April 30, 2021. At the time of the parties' conference Defendants Mr. T's, Inc., formerly dba Lookers Lounge, aka Cheetah, Terry L. Thomas, Clifford G. McGehee (collectively, "Defendants") do not oppose this Motion.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(F) – WORD LIMIT

Pursuant to Local Rule 7.1(F), Plaintiffs' counsel certifies that the Memorandum of Points and Authorities in support of this Motion complies with the Northern District of Florida's 8,000 word limit and consists of 1,361 words.

Respectfully submitted on April 30, 2021,

/s/   Jesenia A. Martinez

Jesenia A. Martinez
California Bar No. 316969
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
*jesenia@kristensenlaw.com*
(*Pro Hac Vice*)

Raymond R. Dieppa
Florida Bar No. 27690
**FLORIDA LEGAL, LLC**
12250 Biscayne Boulevard, Suite 405
North Miami, Florida 33181

Telephone: (305) 901-2209
*ray.dieppa@floridalegal.law*

***Counsel for Plaintiffs***

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Shakeena Rice ("Rice"), Tenetia Turner ("Turner"), and Ashley Jordan ("Jordan") (collectively, "Plaintiffs") respectfully move this Court for an order directing the Clerk to enter judgment pursuant to the accepted Fed. R. Civ. P. 68 Offers of Judgment [Dkts. 25-28] for the following reasons: (1) accepted Rule 68 Offers of Judgment are acceptable methods of resolving FLSA; and (2) no actual case or controversy exists since Plaintiffs accepted Defendants' Rule 68 Offers, thus the Court lacks jurisdiction to address this matter other than to direct that judgments be entered.

## II. RELEVANT FACTS

Plaintiffs worked as exotic dancers Lookers Lounge. The singular establishment is an exotic dance club which goes by two names, Lookers Lounge and Cheetah, and is owned and operated by defendants Mr. T's, Inc., formerly dba Lookers Lounge, aka Cheetah, Terry L. Thomas, Clifford G. McGehee (collectively, "Defendants").

Plaintiffs were all employed by Defendants in the past three years. Rice worked at Lookers Lounge from approximately 2010 to 2018. Jordan worked at Lookers Lounge from approximately September 2018 to July 2019. Finally, Turner worked at Lookers Lounge from approximately 2018 to 2019.

On July 29, 2020, Rice brought this action seeking to recover wages owed to her and other dancers who have been classified as independent contractors at Lookers Lounge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. *See* Dkt. 1. On August 31, 2020, Jordan and Turner filed their notices of consent to join as opt-in Plaintiffs. *See* Dkt. 4.

On April 16, 2021, Defendants served Rule 68 Offers to Plaintiffs, which Plaintiffs timely accepted. *See* Dkts. 25-27.

On April 19, 2021, Plaintiffs lodged proposed judgments in accordance with the accepted Rule 68 Offers of Judgment. *See* Dkt. 28.

## III.   ARGUMENT

Rule 68 Offers are valid, appropriate, and acceptable methods of resolving FLSA matters, such that when accepted Rule 68 Offers are made, no actual case or controversy exists from which the Court could have jurisdiction to continue adjudicating the matter.

### A.   Rule 68 Offers Are an Acceptable Method of Resolving FLSA Actions

Rule 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Courts acknowledge that Rule 68 offers of judgment are acceptable methods of "resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F.Supp.2d 1211, 1216 (M.D. Fla. 2003) (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997)); *see also Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 414 (2nd Cir. 2019) (holding that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims."); *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) ("Where the employer offers full the

plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

Plaintiffs have not compromised their FLSA claims. There is no "side deal." The terms of the Offers have been provided to the Court on April 16, 2021 and they provide for full compensation of Plaintiffs' claims as can be seen from the Offers of Judgment. Each would be subject to the statute of limitations of two years since the time they filed or joined this action.[1]

Rice worked at Lookers Lounge from approximately 2010 to 2018. Without a finding of willfulness, Rice would only be entitled to capture the time from two years prior to the date she filed this action, which would be July 29, 2018. Thus, Rice could only claim wages for little over four months. Rice does not have records of all dates and hours she worked at the club, but presuming she worked 40 hours per week for $7.25 federal minimum wage and taking into account liquidated damages, Rice's claims would amount to a little over $12,760. Defendants offered $30,000, which is a higher amount than Rice claims.

Turner worked at Lookers Lounge from approximately 2018 to 2019. Turner would only be entitled to capture the time from two years prior to the date she joined this action, which would be August 31, 2018. Turner could only claim wages for sixteen months. Turner does not have records of all dates and hours she worked at the club, but presuming she worked 40 hours per week for $7.25 federal minimum wage and taking into account liquidated damages, Turner's claims would amount to approximately $40,000. Defendants offered $55,000, which is a higher amount than Turner claims.

---

[1] A 3-year statute of limitations would apply only if there was a finding of willfulness in Defendants' violations of the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988) (citing 29 U.S.C § 255(a)).

Jordan worked at Lookers Lounge from approximately September 2018 to July 2019. Jordan would only be entitled to capture the time from two years prior to the date she joined this action, which would be August 31, 2018. Jordan could only claim wages for eleven months. Jordan does not have records of all dates and hours she worked at the club, but presuming she worked 40 hours per week for $7.25 federal minimum wage and taking into account liquidated damages, Jordan's claims would amount to approximately $27,840. Defendants offered $75,000, which is a higher amount than Rice claims.

As such, the Offers here fully compensate Plaintiffs for their claims, demonstrating that Plaintiffs have not "compromised" their FLSA claims. *See Vogel v. Am. Kiosk Mgmt*, 371 F.Supp.2d 122, 128 (D.Conn. 2005) ("Furthermore, if the offer of judgment sufficiently covers all damages claimed by the named plaintiff, plus costs and attorney's fees, it may moot the plaintiff's action, even if the plaintiff/offeree fails to accept the offer.). As can be seen, the Offers are not predicated on any waiver or release of Plaintiffs' rights, but instead provide full and complete relief for them. Because the Offers provided complete relief for Plaintiffs' claims, Plaintiffs accepted them. If they had chosen not to, their claims might have been rendered moot and this matter dismissed. Obtaining these Offers fully compensates Plaintiffs for the damages they allege they have suffered as a result of Defendants' conduct. Thus, the Court must enter judgments in accordance with the accepted Rule 68 Offers.

### B. Since Plaintiffs Accepted Defendants' Rule 68 Offers, No Actual Case or Controversy Exists

Federal courts are courts of limited jurisdiction. "Article III, § 2 of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of

litigants in actual controversies.'" *Genesis*, 569 U.S. at 71 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The Court must maintain subject matter jurisdiction at all times, "[a] corollary to this case-or-controversy requirement is that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Genesis*, 569 U.S. at 71 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).

In *Genesis*, the United States Supreme Court found that the employee's individual and collective claims were moot as a result of a Rule 68 offer of judgment that offered complete relief, even though it was not accepted. *Genesis*, 569 U.S. at 73-74. Here, there is no longer a justiciable claim as Plaintiffs have accepted Defendants' Rule 68 Offers, which provide full and complete relief for their claims without a waiver or release. All that is left is for judgments to be entered in accordance with the accepted Rule 68 Offers to resolve these claims.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion and direct the Clerk to enter judgment per the accepted Rule 68 Offers of Judgment.

Respectfully submitted on April 30, 2021,

> /s/   Jesenia A. Martinez
> Jesenia A. Martinez
> California Bar No. 316969
> **KRISTENSEN LLP**
> 12540 Beatrice Street, Suite 200
> Los Angeles, California 90066
> Telephone:  (310) 507-7924
> Fax:  (310) 507-7906
> *jesenia@kristensenlaw.com*

        (*Pro Hac Vice*)

        Raymond R. Dieppa
        Florida Bar No. 27690
        **FLORIDA LEGAL, LLC**
        12250 Biscayne Boulevard, Suite 405
        North Miami, Florida 33181
        Telephone: (305) 901-2209
        *ray.dieppa@floridalegal.law*

        ***Counsel for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I certify that on Friday, April 30, 2021, a true and correct copy of the attached **PLAINTIFFS' MOTION FOR APPROVAL OF ACCEPTED FED. R. CIV. P. 68 OFFERS OF JUDGMENT** was served via CM/ECF on all participants of record, including the persons listed below, pursuant to Fed. R. Civ. P. 5.

Luke Lirot
Sean X. Colon
LUKE CHARLES LIROT, P.A
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
*luke2@lirotlaw.com*
*krista@lirotlaw.com*
*sean@lirotlaw.com*

***Attorneys for All Defendants***

                                                 */s/ Jesenia A. Martinez*
                                                 Jesenia A. Martinez